UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

DEONDRAY RAYMOND MASON,

Petitioner,

v.

No. 5:21-CV-00126-H

DIRECTOR, TDCJ-CID,

Respondent.

## ORDER

Petitioner filed a handwritten document that the Court interpreted as a petition for writ of habeas corpus challenging the result of a prison-disciplinary proceeding. However, because he has failed to comply with the orders of this Court, the petition is dismissed for want of prosecution.

Petitioner did not use the required form for his habeas petition, nor did he pay the $5.00 filing fee when he filed it. On May 28, 2021, the Court ordered Petitioner to file an amended petition on the appropriate form and to pay the $5.00 filing fee or file an application to proceed *in forma pauperis* with a certified inmate trust account statement. (Dkt. No. 4.) The Court warned Petitioner that his failure to comply could result in the dismissal of his petition. Petitioner did not comply with the May 28 order.

Instead, he filed additional unrelated motions, which were resolved by the Court separately. In Petitioner's unrelated motions, he attempted to raise some civil-rights complaints related to the conditions of his confinement. (*See* Dkt. Nos. 5, 7.) The Court explained that those claims were not properly before the Court in this habeas action and advised Petitioner that he could file a civil-rights complaint in the proper venue if he wished to pursue those claims. (Dkt. No. 6.)

On August 30, 2021, the Court entered a deficiency show cause order requiring Petitioner to (1) file his amended petition, (2) pay the $5.00 filing fee or file an application to proceed *in forma pauperis* with a certified inmate trust account statement, and (3) show cause why his petition should not be dismissed for failure to comply with court orders within 14 days. (Dkt. No. 8.) The Court again admonished Petitioner that his failure to comply could result in the dismissal of this action without further notice. In response, Petitioner filed three additional motions, including a request for an extension of time to comply.

The court granted him additional time and entered a final show cause order on November 16, 2021. Again, the Court admonished Petitioner that this habeas action was opened to consider Petitioner's challenge to a prison-disciplinary proceeding, and that any civil-rights claims related to his confinement in Amarillo are not properly before this Court but may be raised in a separate civil action in the proper venue. (*See* Dkt. No. 12.) And again, the Court instructed Petitioner that if he wants to pursue his challenge to the disciplinary proceeding, he must (1) file an amended petition on the required form, (2) either pay the $5.00 filing fee or file an application to proceed *in forma pauperis* with a certified inmate trust account statement, and (3) show cause why his petition should not be dismissed for failure to comply with the Court's orders. The Court gave Petitioner until December 7, 2021 to comply and instructed him that no further extensions would be granted absent a showing of good cause.

Petitioner has wholly failed to comply with the Court's repeated orders. He has not filed an amended petition on the appropriate form, nor has he paid the $5.00 filing fee or filed any of the documents required to proceed *in forma pauperis*. Instead, he filed additional motions, again referring to his civil-rights claims, and demanding a jury trial, a change of venue, an appointed attorney, and the issuance of summons. (*See* Dkt. Nos. 14, 15, 16, 17.)

2

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962).

The Court finds that Petitioner has failed to comply with the Court's orders. This habeas case cannot proceed without an amended petition setting forth Petitioner's grounds for relief from his prison-disciplinary proceeding. As a result, the Court finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution.

Any pending motions are denied.

So ordered.

Judgment shall be entered accordingly.

Dated December 16, 2021.

JAMES WESLEY HENDRIX
United States District Judge

3